STEPHANIE M. HINDS (CABN 154284)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
MICHAEL A. KEOUGH (NYRN 5199666)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6878
    Fax: (415) 436-7234
    michael.keough@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTURO OSIEL VALENCIA BARRERA,<br><br>    Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF HOMELAND SECURITY,<br><br>    Defendant. | No. 3:22-CV-02420-LB<br><br>**MOTION TO DISMISS**<br><br>Hrg Date: September 15, 2022<br>Time:     9:30 a.m. |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on September 15, 2022 at 9:30 a.m., or as soon thereafter as this matter may be heard by the Honorable Laurel Beeler, United States Magistrate Judge of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, Courtroom B – 15th Floor, San Francisco, California, Defendant the Department of Homeland Security ("DHS"), will and hereby does move the Court for an order dismissing the Complaint, Dkt. 1, under Rule 12(b)(6).

## RELIEF SOUGHT

Defendants seek an order dismissing the Complaint in its entirety with prejudice.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff's claim under 42 U.S.C. § 1983 is not brought against a proper defendant. Section 1983 on its face only authorizes claims against state and local officials, and nowhere does the statute authorize claims against federal agencies. Plaintiff's claims have no basis in law, and must be dismissed for three reasons:

*First,* federal agencies are not subject to suit under 42 U.S.C. § 1983.

*Second,* even if this Court construes Plaintiff's claim as one brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), a *Bivens* action cannot be brought against a federal agency.

*Third,* to the extent Plaintiff is asserting a claim for personal injury, Plaintiff must exhaust the administrative remedies required by the Federal Tort Claims Act before filing a complaint.

Accordingly, for the reasons set forth below, the Complaint should be dismissed in its entirety and with prejudice.

### II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether Plaintiff's purported claim under 42 U.S.C. § 1983 must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6); and

2. Whether Plaintiff's complaint must be dismissed for failure to exhaust administrative remedies, as required by the Federal Tort Claims Act (FTCA).

## III. FACTUAL BACKGROUND

The following allegations are taken from the Complaint:

On April 15, 2022, Plaintiff went to the Ronald V. Dellums Federal Building and United States Courthouse in Oakland, California, to file a civil case pursuant to 42 U.S.C. § 1983. *See* Complaint, Dkt. 1, at ECF p. 4. Plaintiff alleges that he was attacked and choked unconscious by the Court Security Officers who screen individuals entering the federal building. *Id.* Plaintiff then spoke to the Department of Homeland Security supervising officer and requested that the security officers be charged for alleged crimes. *Id.* The supervising officer declined Plaintiff's request. *Id.* Rather, according to the Complaint, Plaintiff was arrested for recording in a federal building (presumably using his cell phone), cited, and then released. *Id.* Plaintiff contends that he was not allowed to file his legal paperwork because of the officer's refusal to let him enter the courthouse after the aforementioned incident. *Id.* During the incident, one of the officers took Plaintiff's phone as evidence. *Id.* Plaintiff alleges that the officer did so "maliciously because he and the rest of the officials in the courthouse were conspiring against [him]." *Id.*

The present complaint was filed on April 18, 2022. It is not entirely clear from the face of Plaintiff's complaint what cause of action Plaintiff alleges against Defendant, though he lists the basis of jurisdiction as "42 USC 1983 Criminal conduct by Federal officers" and notes on his civil cover sheet that the case arises under "42 USC 1983." *See* Dkt. 1 at ECF p. 3; Dkt. 1-1. As for the requested relief, Plaintiff requests an "order" for his phone to be returned and "criminal sanctions" against all of the officials "in the office at the time" because "they are a part of a criminal conspiracy which denied [him] entrance into the court." Dkt. 1 at ECF pp. 4-5. Plaintiff states that he suffered real injuries from being "jumped" by the officials, but also emotional and psychological trauma from the experience. *Id* at 4. He also requests punitive damages in light of the aforementioned conspiracy and "bad behavior." *Id.* at 5. Plaintiff does not specify the amount of damages he is seeking, but notes that it exceeds $75,000. *Id.* Finally, Plaintiff requests orders for medical professionals to perform an assessment on him because he alleges that he was not given "adequate" medical care. *Id.*

## IV. LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain sufficient factual assertions, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Mere conclusions" need not be accepted as true when deciding whether a claim is facially plausible. *Id.* at 664; *see also Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1046 (9th Cir. 2008) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quoting *Twombly*, 550 U.S. at 555)). Allegations that are "merely consistent with a defendant's liability," or reflect only "the mere possibility of misconduct" do not "show[] that the pleader is entitled to relief," and thus are insufficient to state a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678-79 (citations and internal quotation marks omitted). While the U.S. Supreme Court "has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987) (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)), "a liberal interpretation of a [pro se] civil rights complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Pena v. Gardner,* 976 F. 2d 469, 471 (9th Cir. 1992) (internal quotation omitted).

## V. ARGUMENT

### A. Federal Agencies Are Not Subject to Suit Under 42 U.S.C. § 1983

Plaintiff's cause of action under 42 U.S.C. § 1983 must be dismissed because federal agencies are not subject to suit under this statute. Section 1983 allows for suits against any "person" who "violates an individual's constitutional rights 'under color of law.'" *Bishop v. Mazda Motor of Am., Inc.*, No. C-12-2557, 2012 WL 5383293, at *7 (N.D. Cal Nov. 1, 2012); *see also* 42 U.S.C. § 1983. But a federal agency is not a "person" within the meaning of Section 1983. *Jachetta v. United States,* 653 F. 3d 898, 908 (9th Cir. 2011); *see also Hoffman v. HUD,* 519 F. 2d 1160, 1165 (5th Cir. 1975) (same);

*Acardi v. United States,* 435 F. 2d 1239, 1241 (3d Cir. 1970) (same).  The facts of the present case are analogous to *Bishop,* where the plaintiff brought a § 1983 claim against the FBI.  *Bishop*, 2012 WL 5383293, at *21.  Judge Chen in this District, following *Jachetta*, found that "the FBI is not a proper defendant in a § 1983 suit" and dismissed the claim against the FBI under Rule 12(b)(6).  *Id.* at *7.  The same result is appropriate here, and Plaintiff's claims against DHS should be dismissed.

### B. Federal Agencies Are Also Not Subject to Suit Under *Bivens*

Even if the Court were to construe Plaintiff's cause of action as one under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the claim must still be dismissed because a *Bivens* action cannot be brough against a federal agency.  *Bivens* allows a federal constitutional remedy against a federal official or agent who violates a clearly established constitutional right.  *Id.* at 397.  The Supreme Court has held that "no *Bivens* remedy is available against a federal agency," *FDIC v. Meyer*, 510 U.S. 471, 484 (1994), and has specifically declined to extend *Bivens* to actions against federal agencies.  *Id.* at 484; *see also Radio Servs. Co. v. United States Forest Serv.*, 578 F.3d 1116, 1119 (9th Cir. 2009) (same); *Ibrahim v. Dep't of Homeland Sec.,* 538 F.3d 1250, 1257 (9th Cir. 2008) (same).  Accordingly, the claim should be dismissed even if the Court were to construe the Plaintiff's complaint as a *Bivens* action.

### C. Plaintiff Must Exhaust Administrative Remedies Under FTCA

Finally, to the extent Plaintiff is asserting a claim for personal injury, he must exhaust the administrative remedies required by the Federal Tort Claims Act before filing a complaint.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (noting that "the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").  The present complaint itself is insufficient to exhaust these remedies, as "filling a lawsuit does not constitute an administrative claim required by the FTCA." *Bishop,* 2012 WL 5383293, at *4.  The Complaint includes no facts regarding administrative exhaustion.  Therefore, to the extent that Plaintiff has asserted a personal injury claim, the present complaint must be dismissed as Plaintiff does not allege (and there is no evidence) that the required administrative remedies have been exhausted.

## VI. CONCLUSION

For the foregoing reasons, the Court should grant Defendant's motion and dismiss the Complaint in its entirety with prejudice.

DATED: July 26, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

*/s/ Michael A. Keough*
MICHAEL A. KEOUGH
Assistant United States Attorney

*Attorneys for Defendant*

MOTION TO DISMISS
3:22-CV-02420-LB                    5